Saunders v. USA                                                                                                                 Doc. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV151-1-W
3:94CR17-11-P

| | |
|---|---|
| EDWARD HAROLD SAUNDERS, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(b)(2); (c)(1)(B), filed January 19, 2006.

On June 15, 1994, Petitioner was convicted, following a trial by jury, of violating 21 U.S.C. § 846. On September 21, 1994, this Court sentenced Petitioner to life imprisonment. On September 18, 1995, the United States Court of Appeals for the Fourth Circuit issued an unpublished decision dismissing his appeal. Petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied on April 1, 1996.

On April 9, 1997, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (3:97CV168-P) with this Court which was denied on July 14, 1997. On March 20, 1998, the Fourth Circuit affirmed the dismissal of Petitioner's Motion to Vacate. On October 30, 2000, the Fourth Circuit denied Petitioner's request to file a successive motion to vacate. In February 2002, Petitioner filed a Motion to Modify Sentence which this Court construed as a second Motion to Vacate, Set Aside, or Correct Sentence (3:03CV98-1-MU) and dismissed without

prejudice as successive. In July 2003, the Fourth Circuit affirmed this Court's dismissal of Petitioner's 2003 Motion to Vacate.

Undeterred, on January 19, 2006, Petitioner filed the present Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(b)(2); (c)(1)(B) arguing that his 1994 sentence violates the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), because his sentence exceeded the maximum sentence allowed by law based upon the facts found by the jury. Petitioner's claim is not cognizable under § 3582(b)(2) or (c)(1)(B). That is, neither of the provisions cited by Petitioner as support for his present motion permit a modification of a sentence based upon the holding in Booker.

Indeed, as Petitioner is directly attacking his sentence, his present filing is again most properly construed as a motion to vacate, set aside, or correct sentence.[1] Again, as this Court has already informed Petitioner, under the Antiterrorism and Effective Death Penalty Act (AEDPA), that "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because this is not Petitioner's first motion to vacate, set aside, or correct sentence, Petitioner must first certify his claim with the Fourth Circuit Court of Appeals before he can file his successive claim in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(b)(2); (c)(1)(B) is construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

---

[1] This Court finds that the Fourth Circuit's decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

U.S.C. § 2255; and

    2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

                                    Signed: April 4, 2007

*[Signature]*

Frank D. Whitney
United States District Judge